We understand that everyone is here and checked in and ready to present arguments so we will hear the cases in the order that they are listed and the first case is Reyes Mazariegos v. Mukasey. May it please the court good morning I am Ina Lipkin on behalf of the petitioner this is an immigration matter in a case where the Board of Immigration Appeals issued in a decision without a separate opinion so the judge's opinion is the final agency determination the judge I will refer to him as the IJ found that the petitioner was indeed credible in his account of incidences of harm in Guatemala as a member of the civil patrol although he did not find that the petitioner established past persecution or well-founded fear of future persecution in this matter the petitioner contends that indeed he has established a well-founded fear of future persecution based on the threats that specifically targeted him as the those threats alone form the objective basis of his fear additionally the petitioner contends that the IJ's findings based on changed country conditions were erroneous in this matter the IJ found that because of the 1996 accords in Guatemala that the situation has improved and that the petitioner would not have any fear of further problems with guerrillas however just because the country condition reports do not necessarily mention the existence of guerrillas that doesn't preclude that there still might be guerrilla activity in the local facility this is this is true but do I understand that the IJ found that there was no past persecution that's correct what happened to him was did not amount to persecution that's and you don't challenge that finding apparently it was not challenged no so the basis for your fear of future persecution is that things are not all that much better and that's correct suffer some problems in the future that's correct and that his fear is objective because the threats that he received were sufficient to produce in his mind a reasonable fear and the IJ did find that the incidence of threats that he testified to was credible he testified guerrillas attacked his home when he was away that they vandalized the walls that they left pamphlets and threatening notes specifically targeting him with death causing him to flee his home and never to return that was his family now the majority of his family moved away to a larger city no no and why can't he just relocate as his family did well your honor his family were not according to the evidence of the record in any way connected with the civil patrol except for the petitioners membership that's true why can't he just go live with his family why can't he relocate what evidence is there in the record that he would be unsafe throughout Guatemala well the court has consistently held that if the applicant has even a 10% chance of future persecution then his reasonable fear is to the question of whether it's reasonable it's not reasonable if he can move someplace else in Guatemala well there's no indication that he would necessarily join with them the evidence in the record shows that he has fathered a child here in the United States I believe in 2001 and there's no indication that he would return to his family that he has not seen in many years so he because that testimony was not developed before the IJ there's nothing except the IJ speculation that he would not return to his home okay I'll reserve the rest of the time if necessary thank you so much good morning thank you and may it please the court Catherine on on behalf of the United States I'd like to just start out by correcting what I just heard which was that there were threats I believe there was only one threat here if it could even be called that it was also not a death threat rather it was leaving behind of a pamphlet saying we will be back so although the government would concede that's a threat it's not a specific death threat targeting him and I think that's a difference the only issue here is whether petitioners fear of returning to Guatemala is objectively reasonable the IJ found it wasn't and I think that conclusion is eminently correct certainly nothing in this record compels reversal because here the petitioner didn't show any director specific evidence he's talking about Civil Patrol service over 10 years ago he himself admitted on cross-examination that the guerrillas are in a quote sleeping mode he also acknowledged they were no longer active those citations are at the record at page 90 he also conceded that the peace accords were signed although he takes a different view of whether that improved the situation but I think the IJ was right when he said that general fear of criminal violence which is gripping Guatemala is not sufficient to establish a well-founded fear and these courts cases such as Arriaga and Davali also hold that a generalized fear of wanting to return of not wanting to return somewhere is simply not sufficient I think this case is exactly like this court's decision in Molina Estrada which is cited in both briefs there there was no past persecution established and the petitioner like the petitioner here claimed he feared returning to Guatemala on the basis of prior military service and this court held that he simply had not offered any direct specific evidence that coupled with State Department reports talking about changed country conditions was sufficient to deny the petitioner relief so unless the court has any further questions for all the reasons I've stated in the briefs the government urges the court to deny all the relief here don't appear to be any thank you do you wish to add anything thank you the case just argued is submitted for decision we'll hear the United States versus Contreras is now
judges: Schroeder, Nelson, Reinhardt